IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MAYBELLINE LLC, SOFTSHEEN-CARSON LLC, and MEDTECH PRODUCTS INC.,<br><br>Defendants. | ECF CASE<br>No.: 10-cv-05931-PAC |

**DEFENDANT SOFTSHEEN-CARSON'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO THE FIRST TO FILE RULE**

CONNOLLY BOVE LODGE & HUTZ LLP
Francis DiGiovanni
Geoffrey A. Zelley
1007 N. Orange St.
Wilmington, DE 19899
(302)658-9141 (telephone)
(302)658-5614 (facsimile)
fdigiovanni@cblh.com
gzelley@cblh.com


Sandra C. McCallion
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
(212)957-7602 (telephone)
(212)957-4514 (facsimile)
smccallion@cohengresser.com

*Attorneys for Defendant
SoftSheen-Carson LLC*

Defendant SoftSheen-Carson LLC ("SoftSheen") respectfully submits this reply brief in support of its motion to dismiss the complaint filed by plaintiff San Francisco Technology, Inc. ("SFTI") under the first to file rule.  SoftSheen also joins with Defendants Maybelline LLC and Medtech Products, Inc. in their reply brief in support of Defendants' motion to dismiss for failure to state a claim.

SFTI has no legitimate argument as to why its claims against SoftSheen should not be dismissed in favor of those filed earlier in the Northern District of Illinois by Thomas Simonian.  Instead, for the second time in front of as many courts, SFTI resorts to mischaracterization of the record in an attempt to manufacture an issue where there is none.  L'Oréal and its related companies should not be forced to defend themselves against the same frivolous false marking claims in multiple courts.  As a result, Simonian's admittedly earlier filing should take precedent, and SFTI's complaint against SoftSheen should be dismissed.

## I. SFTI's Complaint Against SoftSheen-Carson Should Be Dismissed Under the First to File Rule

SFTI was the second *qui tam* plaintiff to file suit against a L'Oréal company for marking of the same product with the same patent numbers.  SFTI's arguments as to why the first to file rule should not apply are either misguided, disingenuous, or both.

SFTI alleges generally that "two 'first to file' factors weigh strongly against dismissal," '(2) the similarity of the parties, and (3) the similarity of the issues.'" (SFTI Br. at 18.)  While SFTI states (without any support) that "[c]learly the parties are different," (*id.*) no attempt is made to explain why the similarity of the issues weighs against dismissal.  As was demonstrated in Maybelline and SoftSheen's motion to dismiss (Dkt. 340), both of these factors weigh in favor of dismissal, as the parties are the same, and the issues are the same. (Dkt. 340 at 4.)

The parties in the present case are the same as the parties in the earlier filed Simonian case. Both plaintiffs, as profit-seeking qui tam relators, are suing on behalf of the United States government. *See SKF USA, Inc. v. U.S. Customs and Border Protection*, 556 F.3d 1337, 1356 (Fed. Cir. 2009) ("[Q]ui tam actions reward private parties for successfully bringing suit on behalf of the government."). The interests they are seeking to protect are the same. SFTI does not even attempt to argue otherwise, despite its naked assertion that "the parties are different."

For the second time in front of as many courts, SFTI misstates the record in an attempt to create an issue where there is none. SFTI spends a great deal of energy seeking to demonstrate a difference between L'Oréal USA, Inc. and SoftSheen. However, SFTI consistently and repeatedly misrepresents the contents of the Declaration of Laura Hastings ("Hastings Decl."), filed in support of Maybelline and SoftSheen's motion to dismiss. In fact, this is the second time SFTI has made these representations in front of a court, leading to the conclusion that SFTI is intentionally seeking to mislead the court in this case.

According to SFTI, "SoftSheen Carson candidly admits that L'Oréal is not involved with the products at issue in this case" and "[t]he declaration … indicates that L'Oréal USA's products are mascara—not the hair-care products that SoftSheen Carson has falsely marked." (SFTI Br. at 17-18.) Not content with misrepresenting the record once, the same or similar allegations are repeated two paragraphs later, where SFTI states that "the declaration submitted by SoftSheen Carson admits that the L'Oréal companies have no involvement in the conduct that creates liability for SoftSheen Carson." *Id.* at 18. These allegations are false. Nothing in SoftSheen's motion to dismiss or in the Hastings Declaration says what SFTI incorrectly states. The fact that the Hastings Declaration mentions L'Oréal USA, Inc.'s manufacture of its Voluminous line of mascara, does not foreclose L'Oréal USA, Inc. from manufacturing other

2

products.  L'Oréal USA, Inc. manufactures and sells a wide variety of products, certainly not limited to mascara, including haircare products.  L'Oréal USA, Inc. is the parent corporation of SoftSheen (Hastings Decl. ¶4), and owns and operates the facilities at which product is manufactured.

In *Simonian v. L'Oréal USA, Inc.*, which SFTI admits was filed prior to its suit, L'Oréal USA, Inc. was sued for the false marking of the same hair care product with the same allegedly expired patents, making it the first-filed suit.  *See* Mot. at 3.  SFTI argues that the Hastings Declaration indicates that L'Oréal USA Creative, Inc. has nothing to do with the products at issue.  This is true.  However, two companies, L'Oréal USA and L'Oréal USA Creative, were named in the *Simonian* case as defendants, and while L'Oréal USA Creative is moving to be dismissed as it has no relationship to any of the alleged products (*see* L'Oréal's Motion to dismiss in *Simonian v. L'Oréal USA Creative, Inc.* (Declaration of Geoffrey Zelley, filed concurrently herewith, at Ex. D)), L'Oréal USA has not moved to dismiss on that ground.

The issues in the present case are the same as the issues in the Simonian case.  The same product has been accused of being falsely marked.  The same patents are accused of being expired prior to their marking on that product.  Despite SFTI's conclusory allegations that the issues are not the same, it puts forth no argument.  As such, there is no real dispute as to the similarity of the issues.

In addition, there is no need for any discovery.  There is no requirement in the first to file rule for complete identity of parties.  *See Williams Advanced Materials, Inc. v. Target Tech. Co., LLC*, 2007 WL 2245886, *4 (W.D.N.Y. Aug. 1, 2007) (quoting *In re Cuyahoga Equip. Cop.*, 980 F.2d 110-, 116-17 (2d Cir. 1991) (allowing for the first-to file rule to be applied with 'identical *or substantially similar* parties and claims.") (emphasis added.)  L'Oréal USA,

3

SoftSheen's parent corporation, was sued on the same products under the same statute for the same marking of the same patents, and is not challenging that suit based on lack of contacts to the suit. SoftSheen should not be compelled to go through the added expense of unnecessary discovery on a product that is already in suit elsewhere, particularly where, as here, the complaint filed against it has numerous other faults.

As has been clearly established, there is no legitimate debate as to whether the Simonian complaint was filed first, or whether the issues are the same in SFTI's suit as in the Simonian case (they are). The parties are also the same. Both plaintiffs seek to enforce the government's rights under Section 292. Therefore, SFTI's arguments against the use of the first to file rule are meritless, and the complaint against SoftSheen should be dismissed in its entirety. As more fully set forth in Defendants' Reply Brief in Support of Their Motions to Dismiss, filed concurrently herewith, SFTI's complaint should be dismissed with prejudice due to its waiver and the futility of allowing SFTI to amend.

## II.   Conclusion

For the reasons stated above, SoftSheen respectfully reaffirms its request that SFTI's false marking complaint against it be dismissed under the first to file rule without leave to file an amended complaint.


Dated: December 6, 2010                                  Respectfully submitted,


                                                         /s/ *Francis DiGiovanni*
                                                         Francis DiGiovanni
                                                         Geoffrey A. Zelley
                                                         Connolly Bove Lodge & Hutz LLP
                                                         1007 N. Orange Street
                                                         Wilmington, Delaware 19899
                                                         Telephone: (302)658-9141

4

Facsimile: (302) 658-5614

Of Counsel:

Sandra C. McCallion
Cohen & Gresser LLP
800 Third Avenue, 21st Floor
New York, New York 10022
Phone: (212) 957-7602
Fax: (212) 957-4514
smccallion@cohengresser.com

*Attorneys for Defendants
Maybelline LLC and
SoftSheen-Carson, Inc.*

#977879

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on the December 6, 2010 the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorney(s) of record that the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| **Daniel Harlan Fingerman**<br>**Kathryn G. Spelman**<br>**Kathryn Grace Murray**<br>Mount & Stoelker, P.C.<br>333 W San Carlos St, Suite1650<br>San Jose, CA 95110 | **Jason M. Drangel**<br>Epstein Drangel Bazerman & James LLP<br>60 East 42nd Street, Suite 820<br>New York, NY 10165 |
| **Elizabeth Hannah Rader**<br>Alston & Bird LLP<br>275 Middlefield Road<br>Suite 150<br>Menlo Park, CA 94025 | **Karl Geercken**<br>**Janice Ann Christensen**<br>Alston & Bird, LLP(NYC)<br>90 Park Avenue<br>New York, NY 10016 |
| **Randall Lee Allen**<br>Alston and Bird<br>275 Middlefield Road<br>Suite 150<br>Menlo Park, CA 94025 | |

                            By: */s/ Francis DiGiovanni*
                               Francis DiGiovanni