IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>MAYBELLINE LLC, SOFTSHEEN-CARSON LLC, and MEDTECH PRODUCTS INC.,<br><br>                Defendants. | ECF CASE<br>No.: 10-cv-05931-PAC |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Maybelline LLC, SoftSheen-Carson LLC, and Medtech Products, Inc., by and through their undersigned counsel, respectfully submit this Notice of Supplemental Authority. The below cited authority is relevant to defendants' motion to dismiss.

**I.**   ***In re BP Lubricants USA Inc.*, Misc. 10-960 (Fed. Cir. Mar. 15, 2011)**

Attached as **Exhibit A** is the Federal Circuit's decision in *In re BP Lubricants USA Inc.*, Misc. 10-960 (Fed. Cir. Mar. 15, 2011), wherein the Federal Circuit affirmed that Fed. R. Civ. P. 9(b)'s heightened pleading requirement applies to false marking claims under 35 U.S.C. § 292, and concluded that "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id.* at 1. The court reasoned that "[p]ermitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *Id.* at 6. The court held that "[b]ecause the relator's complaint here provided only generalized allegations rather than specific underlying facts from

which we can reasonably infer the requisite intent, the complaint failed to meet the requirements of Rule 9(b)." *Id.*

In addressing relator's assertion that merely alleging that defendant is a sophisticated company is enough, the court stated that "[t]hat bare assertion provides no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation." *Id.* (citations omitted). The court also rejected relator's position that a false marking inherently shows scienter. *Id.* at 9. As to relator's argument that false marking is "anonymous" and thus *Exergen* is inapplicable, the court stated that "the requirements [of *Exergen*] must be applied in a fashion that relates to false marking claims." *Id.* Finally, the Court stated that the issue of whether "relator pled the facts necessary to activate the *Pequignot* presumption [of intent with knowledge of a false marking] is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement." *Id.* at 10. Based on this analysis, the Federal Circuit granted the "extraordinary remedy" of mandamus, requiring the lower court to grant BP Lubricant's motion to dismiss. *Id.* at 11.

SFTI's complaint in the instant case has less of a factual basis than the complaint at issue in *In re BP Lubricants.*

## II.    Related SFTI Cases

Attached as **Exhibit B** and **Exhibit C** are the recent opinions dismissing SFTI's complaints in *SFTI v. Aero Prods. et al.*, case no. 5:11-cv-00355-JF (N.D. Cal. Mar. 16, 2011) and *SFTI v. GlaxoSmithKline LLC*, case no. 5:10-cv-03248-JF (N.D. Cal. Mar. 16, 2011). In finding that SFTI's complaint did not meet the pleading requirements of Rule 9(b) pursuant to

the Federal Circuit's opinion in *In re BP Lubricants*, the Northern District of California stated that SFTI failed to allege sufficient facts upon which one could infer an intent to deceive the public. "*BP Lubricants* expressly rejects the notion that a relator may plead knowledge merely by asserting that the defendant should have known that a patent has expired." (Ex. B at 5.) The court stated that the complaint alleged only that GSK had "knowledge that nothing is protected by an expired patent" and "falsely marked . . . with intent to deceive the public." *Id.* at 6. Both of these opinions are highly relevant because the complaints in those cases are virtually identical to the complaint in the instant case (indeed, GlaxoSmithKline had been a co-defendant of all the defendants in the instant case prior to the grant of defendants' transfer motions).

Respectfully submitted,

Of Counsel:

Sandra C. McCallion
Cohen & Gresser LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: (212) 957-7602
Fax: (212) 957-4514
smccallion@cohengresser.com

/s/ *Francis DiGiovanni*
Francis DiGiovanni
Geoffrey A. Zelley
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19899
Phone: (302) 658-9141
Fax: (302) 658-5614
fdigiovanni@cblh.com
gzelley@cblh.com

*Attorneys for Defendants*
*Maybelline LLC and SoftSheen-Carson LLC*

Karl Geercken
Janice A. Christensen
Alston & Bird LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400 (telephone)
(212) 210-9444 (facsimile)
karl.geercken@alston.com
janice.christensen@alston.com

*Attorneys for Defendant*
*Medtech Products Inc*

Dated: March 18, 2011
4246613v1

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on the March 18, 2011 the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorney(s) of record that the document is available for viewing and downloading from CM/ECF:

**Daniel Harlan Fingerman**
**Kathryn G. Spelman**
**Kathryn Grace Murray**
Mount & Stoelker, P.C.
333 W San Carlos St, Suite1650
San Jose, CA 95110

**Jason M. Drangel**
Epstein Drangel Bazerman & James LLP
60 East 42nd Street, Suite 820
New York, NY 10165

**Elizabeth Hannah Rader**
Alston & Bird LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025

**Karl Geercken**
**Janice Ann Christensen**
Alston & Bird, LLP(NYC)
90 Park Avenue
New York, NY 10016

**Randall Lee Allen**
Alston and Bird
275 Middlefield Road
Suite 150
Menlo Park, CA 94025

By: */s/ Francis DiGiovanni*
Francis DiGiovanni